UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

VERIFIED IDENTITY PASS, Inc., d/b/a CLEAR
REGISTERED TRAVELER,

                  Plaintiff,

                  v.

FRED FISCHER, SAFLINK CORPORATION,
and FLO CORPORATION

                  Defendants.

------------------------------------------------------------------x

:
:
:
:
:
:
:
:  No. 07 Civ. 6538 (JGK)
:
:
:
:
:
:
:

## <u>ANSWER OF DEFENDANT FRED FISCHER</u>

       Defendant Fred Fischer states as follows for his answer to the Complaint ("Complaint"):

1.      Denies the allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint.

3.      Denies the allegations in paragraph 3 of the Complaint.

4.      Denies the allegations in paragraph 4 of the Complaint.

5.      Denies the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that Saflink has its principal place of business in Kirkland, Washington, and that FLO Corporation has its principal place of business in Kirkland, Washington.

8.      Admits the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admits that the allegations in paragraph 11 are a short summary of some aspects of the Registered Traveler Program, and refers to government information at www.tsa.gov for a more complete and accurate description.

12.     Admits the allegations in the first sentence of paragraph 12 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 12 of the Complaint, and denies the allegations in the third and fourth sentences of paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint, except admits that Fred Fischer executed an employment agreement with Verified on or about November 29, 2005 and was hired as Senior Vice President of Sales for Verified starting on December 5, 2005.

14.     Denies the allegations in paragraph 14 of the Complaint, except admits that Fred Fischer's responsibilities at Verified included marketing the Registered Traveler Program to major corporations and arranging co-marketing partnerships with major travel industry corporations, such as rental car companies and hotel chains, and corporate travel management companies, and that Fred Fischer was exposed to information on Verified's pricing, marketing strategies, and corporate business contacts, partners and customers.

15.     Denies the allegations in paragraph 15 of the Complaint, except admits that paragraph 15 of the Complaint purports to quote parts of the November 2005 employment

- 2 -

agreement, and refers to that agreement for its complete and accurate contents.

16.    Denies the allegations in paragraph 16 of the Complaint, except admits that paragraph 16 of the Complaint purports to quote parts of the November 2005 employment agreement and/or an alleged employee handbook, and refers to that agreement and such handbook for their complete and accurate contents.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.    Denies the allegations in paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.    Denies the allegations in paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.    Denies the allegations in paragraph 24 of the Complaint.

25.    Denies the allegations in paragraph 25 of the Complaint.

26.    Denies the allegations in paragraph 26 of the Complaint.

27.    Denies the allegations in paragraph 27 of the Complaint, except admits that Fred Fischer began to work for FLO Corporation and that FLO Corporation competes with Verified in

the Registered Traveler business.

28.     Admits the allegations in paragraph 28 of the Complaint, except denies that

Saflink is FLO's parent, although Saflink has a minority equity interest in FLO.

29.     Denies the allegations in paragraph 29 of the Complaint.

30.     Admits the allegations in the first three sentences of paragraph 30 of the

Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the

allegations in the last two sentences of paragraph 30 of the Complaint.

31.     Denies the allegations in paragraph 31 of the Complaint, except admits that the

bidders delivered verbal presentations to the Little Rock Airport Commission on April 11, 2007,

and that transcripts of FLO's verbal presentation were prepared.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 32 of the Complaint, except admits that FLO's representatives requested

feedback on its proposal from the Little Rock Airport Commission.

33.     Denies the allegations in paragraph 33 of the Complaint, except admits that FLO's

representatives spoke to Mr. Ronald Mathieu on April 23, 2007.

34.     Denies the allegations in paragraph 34 of the Complaint, except admits that Fred

Fischer received a letter after or about May 22, 2007 from Verified.

35.     Admits the allegations in paragraph 35 of the Complaint.

36.     Admits the allegations in paragraph 36 of the Complaint.

37.     Admits the allegations in paragraph 37 of the Complaint.

38.     Denies the allegations in paragraph 38 of the Complaint, except admits that the

parties signed a settlement agreement on or about June 14, 2007, and refers to the settlement

agreement for it complete and accurate contents.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

42.    Denies the allegations in paragraph 42 of the Complaint.

43.    Denies the allegations in paragraph 43 of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.    Denies the allegations in paragraph 45 of the Complaint.

46.    Denies the allegations in paragraph 46 of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48.    Denies the allegations in paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.    Denies the allegations in paragraph 50 of the Complaint.

### COUNT I OF THE COMPLAINT
**(Violation of Computer Fraud And Abuse Act Against All Defendants)**

51.    Repeats the responses to the allegations in paragraphs 1-50 of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.    Denies the allegations in paragraph 53 of the Complaint.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     Denies the allegations in paragraph 55 of the Complaint.

56.     Denies the allegations in paragraph 56 of the Complaint.

## COUNT II OF THE COMPLAINT
### (Breach Of Contract Against Defendant Fischer)

57.     Repeats the responses to the allegations in paragraphs 1-56 of the Complaint.

58.     Denies the allegations in paragraph 58 of the Complaint, except admits that Fred Fischer signed an employment agreement for the position of Senior Vice President of Sales with Verified on November 29, 2005 and that Fred Fischer's last day of employment with Verified was December 5, 2006.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, except admits that paragraph 59 of the Complaint quotes from the employment agreement, and refers to the employment agreement for its complete and accurate content.

60.     Denies the allegations in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.     Denies the allegations in paragraph 62 of the Complaint.

63.     Denies the allegations in paragraph 63 of the Complaint.

64.     Denies the allegations in paragraph 64 of the Complaint.

65.     Denies the allegations in paragraph 65 of the Complaint.

## COUNT III OF THE COMPLAINT
### (Misappropriation of Trade Secrets Against All Defendants)

66.     Repeats the responses to the allegations in paragraphs 1-65 of the Complaint.

67.     Denies the allegations in paragraph 67 of the Complaint.

68.     Denies the allegations in paragraph 68 of the Complaint.

69.     Denies the allegations in paragraph 69 of the Complaint.

70.     Denies the allegations in paragraph 70 of the Complaint.

## COUNT IV OF THE COMPLAINT
### (Tortious Interference With An Existing Contract
### Against Defendants Saflink and FLO)

71.     Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 71 of the Complaint, repeats the responses to the allegations in paragraphs 1-70 of the Complaint.

72.     Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 72 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 73 of the Complaint, denies the allegations in paragraph 73 of the Complaint.

74.    Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 74 of the Complaint, denies the allegations in paragraph 74 of the Complaint.

75.    Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 75 of the Complaint, denies the allegations in paragraph 75 of the Complaint.

76.    Denies an obligation to respond to paragraphs 71-76 of the Complaint because they assert a purported claim only against Saflink Corporation and FLO Corporation, not against Fred Fischer.  If obligated to respond to paragraph 76 of the Complaint, denies the allegations in paragraph 76 of the Complaint.

**COUNT V OF THE COMPLAINT**
**(Conversion Against Defendant Fischer)**

77.    Repeats the responses to the allegations in paragraphs 1-76 of the Complaint.

78.    Denies the allegations in paragraph 78 of the Complaint.

79.    Denies the allegations in paragraph 79 of the Complaint.

80.    Denies the allegations in paragraph 80 of the Complaint.

81.    Denies the allegations in paragraph 81 of the Complaint.

**COUNT VI OF THE COMPLAINT**
**(Deceptive Practices And Acts In The Conduct Of Business**
**Against All Defendants)**

82.    Repeats the responses to the allegations in paragraphs 1-81 of the Complaint.

83.    Denies the allegations in paragraph 83 of the Complaint.

84.    Admits the allegations in paragraph 84 of the Complaint.

85.    Denies the allegations in paragraph 85 of the Complaint.

86.    Denies the allegations in paragraph 86 of the Complaint.

87.    Denies that Verified is entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

88.    This Court does not have subject-matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

89.    Verified has not suffered any loss or damage from any of the actions alleged against Defendants.

### THIRD AFFIRMATIVE DEFENSE

90.    Verified's damages, if any, were caused solely or partially by some third person or third party for whom Defendants are not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

91.    Verified cannot sue based on the employment agreement with Fischer because Verified has breached the employment agreement.

### FIFTH AFFIRMATIVE DEFENSE

92.    Verified cannot sue Fischer on matters covered by the release in the Release Agreement entered into as of June 14, 2007, between Verified and FLO Corporation and Saflink Corporation.

## COUNTERCLAIM AGAINST VERIFIED IDENTITY PASS, INC.

Fred Fischer ("Fischer"), for his counterclaim against Verified Identity Pass, Inc. ("Verified"), alleges upon knowledge as to himself and his actions and upon information and belief as to all other matters, as follows:

93.     In 2005 Fischer entered into an employment agreement (the "Agreement") with Verified because Verified promised that it would compensate him for the services that Fischer performed for Verified.  That compensation included bonuses for deals closed, and a grant of options to purchase shares of Verified at a certain price.  Fischer performed his obligations, but Verified did not.  Although Verified's Chief Executive Officer, Steven Brill, promised Fischer that Verified would grant the options to Fischer, Verified never did.  On information and belief, this has been a pattern and practice of Verified and Steven Brill.  Fischer brings this counterclaim against Verified for breach of contract to recover what Verified promised and owes him.

### Parties

94.     Fischer is an individual who resides in Kernersville, North Carolina.

95.     Verified is a Delaware corporation with its principal place of business in New York.  Verified does business as Clear Registered Traveler.

### Jurisdiction and Venue

96.     This Court has supplemental jurisdiction over the counterclaim.  It also has jurisdiction because the parties are of diverse citizenship and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

97.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Verified resides in this district.

## The Employment Agreement

98.     In November of 2005, Verified interviewed Fischer for the position of Senior Vice President of Sales.  Verified sought to employ Fischer because of his extensive experience in the travel industry.

99.     On or about November 29, 2005, Fischer agreed to work for Verified as Senior Vice President of Sales.  Fischer only agreed to do so because of promises made to him about his compensation.

100.    To induce him to work for Verified, Verified promised Fischer that it would pay him a salary and certain other compensation.  Other compensation promised to Fischer included bonuses for deals closed, as well as a grant of options to purchase shares of Verified at a certain price (the "Options").

101.    Verified's promises of certain compensation, including the Options, were made by Courtney Nichols, the Chief Operating Officer of Verified, and also in a letter headed "Offer of Employment" dated November 9, 2005 from Verified.  The letter refers to both bonuses for deals closed and the grant of options.

## Fischer works for Verified but is not paid what he was promised

102.    Fischer performed valuable services for Verified and all of his obligations under the employment agreement for Verified.

103.    During the time Fischer worked for Verified, Fischer earned certain bonuses that were promised to him by Verified but were never paid to him.  These included bonuses for deals closed with Visa USA, Radius the Global Travel Company, and Virgin Atlantic Airways.

104.    The value of the bonuses promised and owed to Fischer for the work he did, but

- 11 -

never paid, was at least $50,000.

## Verified terminates Fischer's employment

105.     On or about December 4, 2006, Verified's CEO Steven Brill told Fischer that
Verified was terminating Fischer's employment as of December 5, 2006. At that time Brill also
told Fischer that Fischer would receive the Options from Verified. Brill also told Fischer that the
Options were highly valuable. Brill told Fischer that the Options were worth more than Fischer's
annual salary and bonuses.

## Verified breaches the Employment Agreement

106.     Verified has not paid Fischer all of the bonuses it owes him.

107.     Verified has not paid Fischer the Options it owes him.

108.     The value of what Verified owes Fischer exceeds $100,000.

109.     Fischer is entitled to damages for Verified's breach of the Agreement.


WHEREFORE, Fischer respectfully requests that the Court:

A.      Enter judgment in favor of Fischer dismissing all claims against him;

B.      Enter judgment against Verified and in favor of Fischer on the Fischer's
counterclaim;

C.      Award Fischer his fees and costs to the fullest extent permitted by law; and

D.      Grant such further relief as the Court may find just and proper.

Dated:  August 22, 2007                    DLA PIPER US LLP


                                           By: _____
                                                Stanley McDermott (SM 0530)
                                                Michael R. Hepworth (MH 2398)
                                           1251 Avenue of the Americas
                                           New York, New York  10020-1104
                                           (212) 335-4500
                                                *Attorneys for Fred Fischer*

- 13 -