UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
VERIFIED IDENTITY PASS, Inc., d/b/a CLEAR  :
REGISTERED TRAVELER,                      :
:
                     Plaintiff,  :
:   No. 07 Civ. 6538 (JGK)
          v.                                 :
:
FRED FISCHER, SAFLINK CORPORATION,        :
and FLO CORPORATION                       :
:
                   Defendants.  :
------------------------------------------------------------------x

## ANSWER OF DEFENDANT SAFLINK CORPORATION

Defendant Saflink Corporation states as follows for its answer to the Complaint ("Complaint"):

1. Denies the allegations in paragraph 1 of the Complaint.

2. Denies the allegations in paragraph 2 of the Complaint.

3. Denies the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint, except admits that Saflink Corporation is a Delaware corporation whose principal place of business at this time is in Kirkland, Washington, and that FLO Corporation is a Delaware corporation whose principal place of business at this time is in Kirkland, Washington.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admits that the allegations in paragraph 11 are a short summary of some aspects of the Registered Traveler Program, and refers to government information at www.tsa.gov for a more complete and accurate description.

12. Admits the allegations in the first sentence of paragraph 12 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 12 of the Complaint, and denies the allegations in the third and fourth sentences of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except admits that Fred Fischer began to work for FLO Corporation and that FLO Corporation competes with Verified in the Registered Traveler business.

28. Admits the allegations in paragraph 28 of the Complaint, except denies that Saflink is FLO's parent, although Saflink has a minority equity interest in FLO.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Admits the allegations the first three sentences of paragraph 30 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint, except admits that the bidders delivered verbal presentations to the Little Rock Airport Commission on April 11, 2007, and that transcripts of FLO's verbal presentation were prepared.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admits that FLO's representatives requested feedback on its proposal from the Little Rock Airport Commission.

33. Denies the allegations in paragraph 33 of the Complaint, except admits that FLO's representatives spoke to Mr. Ronald Mathieu on April 23, 2007.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Admits the allegations in paragraph 35 of the Complaint.

36. Admits the allegations in paragraph 36 of the Complaint.

37. Admits the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint, except admits that the parties signed a settlement agreement on or about June 14, 2007, and refers to the settlement agreement for its complete and accurate contents.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint, except admits that voice mail was left for Mr. Argenbright purporting to be from Mr. Brill on or about July 10, 2007.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Denies the allegations in paragraph 50 of the Complaint.

## COUNT I OF THE COMPLAINT
(Violation of Computer Fraud And Abuse Act Against All Defendants)

51. Repeats the responses to the allegations in paragraphs 1-50 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

55. Denies the allegations in paragraph 55 of the Complaint.

56. Denies the allegations in paragraph 56 of the Complaint.

## COUNT II OF THE COMPLAINT
### (Breach Of Contract Against Defendant Fischer)

57. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 57 of the Complaint, repeats the responses to the allegations in paragraphs 1-56 of the Complaint.

58. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 58 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 59 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 60 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 61 of the Complaint, denies knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 62 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 63 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 64 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Denies an obligation to respond to paragraphs 57-65 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 65 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

## COUNT III OF THE COMPLAINT
### (Misappropriation of Trade Secrets Against All Defendants)

66.   Repeats the responses to the allegations in paragraphs 1-65 of the Complaint.

67.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.   Denies the allegations in paragraph 68 of the Complaint.

69.   Denies the allegations in paragraph 69 of the Complaint.

70.   Denies the allegations in paragraph 70 of the Complaint.

## COUNT IV OF THE COMPLAINT
### (Tortious Interference With An Existing Contract Against Defendants Saflink and FLO)

71.   Repeats the responses to the allegations in paragraphs 1-70 of the Complaint.

72.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.   Denies the allegations in paragraph 73 of the Complaint.

74.   Denies the allegations in paragraph 74 of the Complaint.

75.   Denies the allegations in paragraph 75 of the Complaint.

76.   Denies the allegations in paragraph 76 of the Complaint.

## COUNT V OF THE COMPLAINT
### (Conversion Against Defendant Fischer)

77.   Denies an obligation to respond to paragraphs 77-81 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 77 of the Complaint, repeats the responses to the allegations in paragraphs 1-76 of the Complaint.

78.   Denies an obligation to respond to paragraphs 77-81 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO

Corporation. If obligated to respond to paragraph 78 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. Denies an obligation to respond to paragraphs 77-81 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 79 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80. Denies an obligation to respond to paragraphs 77-81 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 80 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Denies an obligation to respond to paragraphs 77-81 of the Complaint because they assert a purported claim only against Fred Fischer, not against Saflink Corporation and FLO Corporation. If obligated to respond to paragraph 80 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

**COUNT VI OF THE COMPLAINT**
**(Deceptive Practices And Acts In The Conduct Of Business Against All Defendants)**

82. Repeats the responses to the allegations in paragraphs 1-81 of the Complaint.

83. Denies the allegations in paragraph 83 of the Complaint.

84. Admits the allegations in paragraph 84 of the Complaint.

85. Denies the allegations in paragraph 85 of the Complaint.

86. Denies the allegations in paragraph 86 of the Complaint.

87. Denies that Verified is entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

88. This Court does not have subject-matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

89. Verified has not suffered any loss or damage from any of the actions alleged against Defendants.

### THIRD AFFIRMATIVE DEFENSE

90. Verified's damages, if any, were caused solely or partially by some third person or third party for whom Defendants are not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

91. Verified cannot sue based on the employment agreement with Fischer because Verified has breached the employment agreement.

### FIFTH AFFIRMATIVE DEFENSE

92. Verified cannot sue Saflink Corporation on matters covered by the release in the Release Agreement entered into as of June 14, 2007, between Verified and FLO Corporation and Saflink Corporation.

WHEREFORE, Defendant Saflink Corporation respectfully requests that the Court:

A. Enter judgment in favor of Saflink Corporation dismissing all claims against it;

B. Award Saflink Corporation its fees and costs to the fullest extent permitted by law; and

D. Grant such further relief as the Court may find just and proper.

| | |
|---|---|
| Dated: August 22, 2007 | DLA PIPER US LLP |
| | By: _[signature]_____ |
| | Stanley McDermott (SM 0530) |
| | Michael R. Hepworth (MH 2398) |
| | 1251 Avenue of the Americas |
| | New York, New York  10020-1104 |
| | (212) 335-4500 |
| | *Attorneys for Saflink Corporation* |